# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MODERN FENCE TECHNOLOGIES, INC.,

       Plaintiff,

v.                                                                  Civil Action No. 08-C-0543

QUALIPAC HOME IMPROVEMENT CORP. and
STALLION FENCE & RAILING ACCESSORIES, LLC,

       Defendants.

## DEFENDANT QUALIPAC HOME IMPROVEMENT CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Qualipac Home Improvement Corp. ("Qualipac") hereby answers the Complaint for Trademark Infringement, False Designation of Origin and Unfair Competition filed by Plaintiff Modern Fence Technologies, Inc. ("Modern Fence") as follows:

## NATURE OF LAWSUIT

1. Qualipac admits that paragraph 1 purports to summarize Modern Fence's action.

## THE PARTIES

2. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and, on that basis, denies those allegations.

3. Qualipac denies that Modern Fence sells fence door hinge products that have a "distinctive" appearance and configuration and that it uses a "distinctive" hinge configuration. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 3 of the Complaint and, on that basis, denies those allegations.

4. Qualipac admits that Modern Fence is listed as the owner in the U.S. Patent and Trademark Office records for U.S. Registration Nos. 2,917,000 (issued January 11, 2005); 3,337,668 (issued November 20, 2007); 3,337,669 (issued November 20, 2007); and 3,342,402 (issued November 27, 2007), copies of which are attached as Exhibits A-D of the Complaint. Except as expressly admitted, Qualipac denies the remainder of the allegations in paragraph 4 of the Complaint.

5. Qualipac denies the allegations in paragraph 5 of the Complaint.

6. Qualipac admits that it is a California corporation, but denies that it has a principal place of business at 30630 San Antonio Street, Hayward, California 94544. Qualipac's principal place of business is 30510 Huntwood Avenue, Hayward, California 94544.

7. Qualipac admits that it has sent samples of its fence hinge products to two companies in the State of Wisconsin. One sample was sent on February 21, 2008 to "K&R Investments," a company with the same address as Modern Fence. This sample was paid for by a check signed by a Margaret Knudson, who also signed Modern Fence's trademark applications as Vice President of Modern Fence. The other sample was sent the next day, on February 22, 2008, to "Post Holes Unlimited Inc.," in Windlake, Wisconsin. Except as expressly admitted, Qualipac denies the remainder of the allegations in paragraph 7 of the Complaint.

8. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and, on that basis, denies those allegations.

9. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and, on that basis, denies those allegations.

## JURISDICTION AND VENUE

10. Qualipac admits that this Court has original jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a). Except as expressly admitted, Qualipac denies the remainder of the allegations in paragraph 10 of the Complaint.

11. Qualipac admits that this Court has personal jurisdiction over Qualipac for purposes of this action, and that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c). Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint relating to Stallion Fence and, on that basis, denies those allegations. Except as expressly admitted, Qualipac denies the remainder of the allegations in paragraph 11 of the Complaint.

## DEFENDANTS' ACTS OF TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

12. Qualipac admits that it sells various forms of hinge products, including those shown in Exhibit E to the Complaint. Except as expressly admitted, Qualipac denies the remainder of the allegations in paragraph 12 of the Complaint.

13. Qualipac denies the allegations in paragraph 13 of the Complaint.

14. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 [erroneously numbered paragraph 13] of the Complaint, and, on that basis, denies those allegations.

15. Qualipac denies the allegations in paragraph 15 of the Complaint.

## COUNT I
## INFRINGEMENT OF REGISTERED TRADEMARKS

16. Qualipac admits that paragraph 16 of the Complaint purports to repeat and reallege the allegations set forth in paragraphs 1 through 15 of the Complaint. Qualipac realleges and reiterates each of its preceding responses as if fully set forth herein.

17. Qualipac denies the allegations in paragraph 17 of the Complaint.

18. Qualipac denies the allegations in paragraph 18 of the Complaint.

19. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and, on that basis, denies those allegations.

20. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and, on that basis, denies those allegations.

## COUNT II
## INFRINGEMENT OF COMMON LAW TRADEMARK

21. Qualipac admits that paragraph 21 of the Complaint purports to repeat and reallege the allegations set forth in paragraphs 1 through 20 of the Complaint. Qualipac realleges and reiterates each of its preceding responses as if fully set forth herein.

22. Qualipac denies the allegations in paragraph 22 of the Complaint.

23. Qualipac denies the allegations in paragraph 23 of the Complaint.

24. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and, on that basis, denies those allegations.

25. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and, on that basis, denies those allegations.

## COUNT III
## FALSE DESIGNATION OF ORIGIN

26. Qualipac admits that paragraph 26 of the Complaint purports to repeat and reallege the allegations set forth in paragraphs 1 through 25 of the Complaint. Qualipac realleges and reiterates each of its preceding responses as if fully set forth herein.

27. Qualipac denies the allegations in paragraph 27 of the Complaint.

28. Qualipac denies the allegations in paragraph 28 of the Complaint.

29. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and, on that basis, denies those allegations.

30. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and, on that basis, denies those allegations.

## COUNT IV
## UNFAIR COMPETITION

31. Qualipac admits that paragraph 31 of the Complaint purports to repeat and reallege the allegations set forth in paragraphs 1 through 30 of the Complaint. Qualipac realleges and reiterates each of its preceding responses as if fully set forth herein.

32. Qualipac denies the allegations in paragraph 32 of the Complaint.

33. Qualipac denies the allegations in paragraph 33 of the Complaint.

34. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and, on that basis, denies those allegations.

35. Qualipac is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and, on that basis, denies those allegations.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief is granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrine of acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Modern Fence's hinge designs are functional and are not protectable as trade dress and Modern Fence's registrations purporting to cover those designs are invalid.

## SEVENTH AFFIRMATIVE DEFENSE

Modern Fence's hinge designs are not inherently distinctive and are not registrable as trade dress without a showing of secondary meaning. They lacked secondary meaning at the time the applications maturing into United States Registration Nos. 2,917,000; 3,337,668; 3,337,669; and 3,342,402 were filed. Therefore Modern Fence's registrations purporting to cover those designs are invalid.

## EIGHTH AFFIRMATIVE DEFENSE

Modern Fence's hinge designs are not inherently distinctive and are not protectable as trade dress without a showing of secondary meaning. Modern Fence cannot show that there was secondary meaning in its hinge designs prior to when Qualipac offered for sale the designs that

6

Modern Fence claims infringe its trade dress; therefore, Modern Fence has no enforceable trade dress rights against Qualipac.

WHEREFORE, Qualipac respectfully prays that the Court enter a judgment:

(a) Dismissing Modern Fence's claims against Qualipac with prejudice and on the merits;

(b) Awarding Qualipac its costs of suit herein;

(c) Awarding Qualipac such attorneys' fees as may be allowed by applicable law; and

(d) Awarding Qualipac such other relief as the Court may deem just and equitable under the circumstances.

## **COUNTERCLAIMS**

For its Counterclaims against plaintiff and counterclaim defendant Modern Fence, Qualipac states and alleges as follows:

1. Qualipac is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 30510 Huntwood Avenue, Hayward, California.

2. On information and belief, counterclaim defendant Modern Fence is a Wisconsin corporation, with a principal place of business located 2631 Corporate Circle, East Troy, Wisconsin.

3. The Court has subject matter jurisdiction over these Counterclaims pursuant to 15 U.S.C. §§ 1119 and 1121. Modern Fence has, by commencing this action in this Court, consented to personal jurisdiction and venue in this Court.

7

## COUNT I
## CANCELLATION OF REGISTRATION OF
## TRADEMARK NO. 2,917,000 BASED ON FUNCTIONALITY

4. Qualipac incorporates the allegations of paragraphs 1 through 3 of the Counterclaims as if fully set forth herein.

5. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 2,917,000 (the "'000 Registration").

6. Modern Fence has in its Complaint alleged that it is the owner of all rights in the '000 Registration.

7. In view of Modern Fence's allegations in its Complaint, including Modern Fence's allegation that Qualipac has infringed the '000 Registration, Qualipac believes that it is or will be damaged by the continued registration of the '000 Registration.

8. The hinge configuration in the '000 Registration is functional and is therefore not protectable as trade dress.

9. Moreover, in previous litigation, Modern Fence admitted that its "product configuration . . . is an ornamental feature and is preferred by customers." As a result, the product configuration in the '000 Registration is also aesthetically functional and is therefore not protectable as trade dress. See paragraphs 6 and 18 of the Answer and Counterclaim filed by Modern Fence in *Nationwide Industries, Inc. v. Modern Fence Technologies, Inc.*, Civ. No. 05-339-TGW (M.D. Fla. 2005) attached hereto as Exhibit A.

10. Qualipac seeks a declaration that the '000 Registration is invalid and unenforceable because the hinge configuration is functional, including aesthetically functional. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '000 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

8

11. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '000 Registration.

## COUNT II
## CANCELLATION OF REGISTRATION OF
## TRADEMARK NO. 2,917,000 BASED ON LACK OF SECONDARY MEANING

12. Qualipac incorporates the allegations of paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

13. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of the '000 Registration.

14. The hinge configuration in the '000 Registration is very common in the fence hinge industry and has been used by numerous third parties for years, and since long before Modern Fence filed the application that matured into the '000 Registration. Attached as Exhibit B are examples of third-party uses of the hinge design that predate the application date for the '000 Registration.

15. Furthermore, on information and belief, Modern Fence was not even the first company to use the fence hinge configuration claimed in the '000 Registration. Third parties have been selling products using the fence hinge configuration since at least as early as 1990. Specifically, Quality Fencing and Supply began offering products using the same fence hinge configuration well before Modern Fence alleges that it first sold fence hinges with the trade dress claimed in the '000 Registration. Attached as Exhibit C are examples of Quality Fencing and Supply advertisements from early 1994 for fence hinges with the same design configuration that Modern Fence claims as its trade dress. These advertisements were placed well before July 1994, the date when Modern Fence claims that it first sold fence hinges with an allegedly distinctive design.

9

16. Because the hinge configuration in the '000 Registration was in common use by numerous third parties since long before the application that matured into the '000 Registration was filed, Modern Fence cannot show that there was secondary meaning in the hinge configuration at the time that it filed the application that matured into the '000 Registration.

17. Qualipac seeks a declaration that the '000 Registration is invalid and unenforceable because there was no secondary meaning in the hinge configuration at the time that the application that matured to the '000 Registration was filed. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '000 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

18. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '000 Registration.

## COUNT III
## CANCELLATION OF REGISTRATION OF
## TRADEMARK NO. 3,337,668 BASED ON FUNCTIONALITY

19. Qualipac incorporates the allegations of paragraphs 1 through 17, as if fully set forth herein.

20. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,337,668 (the "'668 Registration").

21. Modern Fence has in its Complaint alleged that it is the owner of all rights in the '668 Registration.

22. In view of Modern Fence's allegations in its Complaint, including Modern Fence's allegation that Qualipac has infringed the '668 Registration, Qualipac believes that it is or will be damaged by the continued registration of the '668 Registration.

10

23. The hinge configuration in the '668 Registration is functional and is therefore not protectable as trade dress.

24. Moreover, in previous litigation relating to the '000 Registration, Modern Fence admitted that its "product configuration . . . is an ornamental feature and is preferred by customers." As a result, the product configuration in the '668 Registration, which allegedly protects the same product configuration, is also aesthetically functional and is therefore not protectable as trade dress. See paragraphs 6 and 18 of the Answer and Counterclaim filed by Modern Fence in *Nationwide Industries, Inc. v. Modern Fence Technologies, Inc.*, Civ. No. 05-339-TGW (M.D. Fla. 2005) attached hereto as Exhibit A.

25. Qualipac seeks a declaration that the '668 Registration is invalid and unenforceable because the hinge configuration is functional, including aesthetically functional. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '668 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

26. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '668 Registration.

## COUNT IV
## CANCELLATION OF REGISTRATION OF
## TRADEMARK NO. 3,337,668 BASED ON LACK OF SECONDARY MEANING

27. Qualipac incorporates the allegations of paragraphs 1 through 24 of the Counterclaims as if fully set forth herein.

28. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of the '668 Registration.

29. The hinge configuration in the '668 Registration is very common in the fence hinge industry and has been used by numerous third parties for years, and since long before Modern Fence

11

filed the application that matured into the '668 Registration. Attached as Exhibit B are examples of third-party uses of the hinge design that predate the application date for the '668 Registration.

30. Furthermore, on information and belief, Modern Fence was not even the first company to use the fence hinge configuration claimed in the '668 Registration. Third parties have been selling products using the fence hinge configuration since at least as early as 1990. Specifically, Quality Fencing and Supply began offering products using the same fence hinge configuration well before Modern Fence alleges that it first sold fence hinges with the trade dress claimed in the '668 Registration. Attached as Exhibit C are examples of Quality Fencing and Supply advertisements from early 1994 for fence hinges with the same design configuration that Modern Fence claims as its trade dress. These advertisements were placed well before July 1994, the date when Modern Fence claims that it first sold fence hinges with an allegedly distinctive design.

31. Because the hinge configuration in the '668 Registration was in common use by numerous third parties since long before the application that matured into the '668 Registration was filed, Modern Fence cannot show that there was secondary meaning in the hinge configuration at the time that it filed the application that matured into the '668 Registration.

32. Qualipac seeks a declaration that the '668 Registration is invalid and unenforceable because there was no secondary meaning in the hinge configuration at the time that the application that matured to the '668 Registration was filed. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '668 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

33. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '668 Registration.

12

## COUNT V
## CANCELLATION OF REGISTRATION OF
## TRADEMARK NO. 3,337,669 BASED ON FUNCTIONALITY

34. Qualipac incorporates the allegations of paragraphs 1 through 31, as if fully set forth herein.

35. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,337,669 (the "'669 Registration").

36. Modern Fence has in its Complaint alleged that it is the owner of all rights in the '669 Registration.

37. In view of Modern Fence's allegations in its Complaint, including Modern Fence's allegation that Qualipac has infringed the '669 Registration, Qualipac believes that it is or will be damaged by the continued registration of the '669 Registration.

38. The hinge configuration in the '669 Registration is functional and is therefore not protectable as trade dress.

39. Moreover, in previous litigation relating to the '000 Registration, Modern Fence admitted that its "product configuration . . . is an ornamental feature and is preferred by customers." As a result, the product configuration in the '669 Registration, which allegedly protects the same product configuration, is also aesthetically functional and is therefore not protectable as trade dress. See paragraphs 6 and 18 of the Answer and Counterclaim filed by Modern Fence in *Nationwide Industries, Inc. v. Modern Fence Technologies, Inc.*, Civ. No. 05-339-TGW (M.D. Fla. 2005) attached hereto as Exhibit A.

13

40. Qualipac seeks a declaration that the '669 Registration is invalid and unenforceable because the hinge configuration is functional, including aesthetically functional. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '669 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

41. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '669 Registration.

## COUNT VI
## CANCELLATION OF REGISTRATION OF
## TRADEMARK NO. 3,337,669 BASED ON LACK OF SECONDARY MEANING

42. Qualipac incorporates the allegations of paragraphs 1 through 39 of the Counterclaims as if fully set forth herein.

43. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of the '669 Registration.

44. The hinge configuration in the '669 Registration is very common in the fence hinge industry and has been used by numerous third parties for years, and since long before Modern Fence filed the application that matured into the '669 Registration. Attached as Exhibit B are examples of third party uses of the hinge design that predate the application date for the '669 Registration.

45. Furthermore, on information and belief, Modern Fence was not even the first company to use the fence hinge configuration claimed in the '669 Registration. Third parties have been selling products using the fence hinge configuration since at least as early as 1990. Specifically, Quality Fencing and Supply began offering products using the same fence hinge configuration well before Modern Fence alleges that it first sold fence hinges with the trade dress claimed in the '669 Registration. Attached as Exhibit C are examples of Quality Fencing and Supply advertisements from early 1994 for fence hinges with the same design configuration that Modern

14

Fence claims as its trade dress. These advertisements were placed well before May 1998, the date when Modern Fence claims that it first sold fence hinges with an allegedly distinctive design.

46. Because the hinge configuration in the '669 Registration was in common use by numerous third parties since long before the application that matured into the '669 Registration was filed, Modern Fence cannot show that there was secondary meaning in the hinge configuration at the time that it filed the application that matured into the '669 Registration.

47. Qualipac seeks a declaration that the '669 Registration is invalid and unenforceable because it there was no secondary meaning in the hinge configuration at the time that the application that matured to the '669 Registration issued. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '669 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

48. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '669 Registration.

**COUNT VII**
**CANCELLATION OF REGISTRATION OF**
**TRADEMARK NO. 3,342,402 BASED ON FUNCTIONALITY**

49. Qualipac incorporates the allegations of paragraphs 1 through 46, as if fully set forth herein.

50. Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,342,402 (the "'402 Registration").

51. Modern Fence has in its Complaint alleged that it is the owner of all rights in the '402 Registration.

15

52. In view of Modern Fence's allegations in its Complaint, including Modern Fence's allegation that Qualipac has infringed the '402 Registration, Qualipac believes that it is or will be damaged by the continued registration of the '402 Registration.

53. The hinge configuration in the '402 Registration is functional and is therefore not protectable as trade dress.

54. Moreover, in previous litigation relating to the '402 Registration, Modern Fence admitted that its "product configuration . . . is an ornamental feature and is preferred by customers." As a result, the product configuration in the '402 Registration, which allegedly protects the same product configuration, is also aesthetically functional and is therefore not protectable as trade dress. See paragraphs 6 and 18 of the Answer and Counterclaim filed by Modern Fence in *Nationwide Industries, Inc. v. Modern Fence Technologies, Inc.*, Civ. No. 05-339-TGW (M.D. Fla. 2005) attached hereto as Exhibit A.

55. Qualipac seeks a declaration that the '402 Registration is invalid and unenforceable because the hinge configuration is functional, including aesthetically functional. Qualipac asks this Court to direct the United States Patent and Trademark Office to cancel the '402 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

56. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '402 Registration.

**COUNT VIII**
**CANCELLATION OF REGISTRATION OF**
**TRADEMARK NO. 3,342,402 BASED ON LACK OF SECONDARY MEANING**

57. Qualipac incorporates the allegations of paragraphs 1 through 52 of the Counterclaims as if fully set forth herein.

16

58.     Qualipac seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of the '402 Registration.

59.     The hinge configuration in the '402 Registration is very common in the fence hinge industry and has been used by numerous third parties for years, and since long before Modern Fence filed the application that matured into the '402 Registration. Attached as Exhibit B are examples of third party uses of the hinge design that predate the application date for the '402 Registration.

60.     Furthermore, on information and belief, Modern Fence was not even the first company to use the fence hinge configuration claimed in the '402 Registration. Third parties have been selling products using the fence hinge configuration since at least as early as 1990. Specifically, Quality Fencing and Supply began offering products using the same fence hinge configuration well before Modern Fence alleges that it first sold fence hinges with the trade dress claimed in the '402 Registration. Attached as Exhibit C are examples of Quality Fencing and Supply advertisements from early 1994 for fence hinges with the same design configuration that Modern Fence claims as its trade dress. These advertisements were placed well before May 1998, the date when Modern Fence claims that it first sold fence hinges with an allegedly distinctive design.

61.     Because the hinge configuration in the '402 Registration was in common use by numerous third parties since long before the application that matured into the '402 Registration was filed, Modern Fence cannot show that there was secondary meaning in the hinge configuration at the time that it filed the application that matured into the '402 Registration.

62.     Qualipac seeks a declaration that the '402 Registration is invalid and unenforceable because there was no secondary meaning in the hinge configuration at the time that the application that matured to the '402 Registration was filed. Qualipac asks this Court to direct the United States

17

Patent and Trademark Office to cancel the '402 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

63. Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Qualipac is entitled to an order for the cancellation of the '402 Registration.

WHEREFORE, Qualipac respectfully prays that the Court enter a judgment:

(a) Ordering the cancellation of United States Trademark Registration Nos. 2,917,000; 3,337,668; 3,337,669; and 3,342,402 pursuant to 15 U.S.C. § 1119;

(b) Certifying the order of cancellation of United States Trademark Registration Nos. 2,917,000; 3,337,668; 3,337,669; and 3,342,402 to the Director of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1119;

(c) Awarding Qualipac its costs of suit herein;

(d) Awarding Qualipac such attorneys' fees as may be allowed by applicable law; and

(e) Awarding Qualipac such other relief as the Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Qualipac demands a trial by jury in this action.

Dated this 10th day of September, 2008.

                MEISSNER TIERNEY FISHER & NICHOLS S.C.

                By: /s/ Michael J. Cohen
                    Michael J. Cohen
                    State Bar No: 1017787
                    Jennifer A.B. Kreil
                    State Bar No: 1047210
                    The Milwaukee Center
                    111 E. Kilbourn Ave., 19th Floor
                    Milwaukee, Wisconsin 53202
                    Telephone: (414) 273-1300

                    and

                    *Of Counsel*
                    Jennifer Taylor, Esq.
                    Cathleen E. Stadecker, Esq.
                    Morrison & Foerster LLP
                    425 Market Street
                    San Francisco, CA 94105
                    **Attorneys for Defendant Qualipac Home Improvement Corp.**